RAMÍREZ, PLAINTIFF AND APPELLEE, *v.* RAMÍREZ ET AL., DEFENDANTS (SOSA, APPELLANT).

APPEAL from the District Court of Mayagüez in an Action Concerning Priority of Mortgage Credit.

MOTION by the Appellee for Dismissal of the Appeal.

No. 1731.—Decided February 4, 1918.

APPEAL—NOTICE—ADVERSE PARTY—DEFAULT—MORTGAGE.—The object of this action was to secure the annulment of a foreclosure proceeding, the cancellation of a mortgage on a house which was destroyed by fire and the recording of another mortgage on a new house erected on the same lot. The action was brought by the second mortgagee against the first, who purchased the property at public auction, and against the mortgagor. The default of the mortgagor was entered and judgment having been rendered for the plaintiff, an appeal was taken by the second mortgagee, a defendant, but without notice thereof to his co-defendant. *Held:* That the co-defendant had a real interest in the suit adverse to that of the appellant and would be directly affected by the result of the appeal if the judgment were reversed; therefore no notice of the appeal having been given to him, the appeal should be dismissed for want of jurisdiction to consider the same on its merits.

The facts are stated in the opinion.

*Messrs. Ricardo del Toro Soler* and *Juan Alemañy Sosa* for the appellant.

*Mr. José Sabater* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A house belonging to Severiano Ramírez Colberg standing upon lands of the municipality of Cabo Rojo and mortgaged to Juan del Carmen Sosa was destroyed by fire and subsequently rebuilt under permit from the municipality. The new house was mortgaged to Delfín Ramírez who brought suit against Sosa and Severiano Ramírez. Severiano defaulted and at the trial testified as a witness for plaintiff, who obtained a judgment holding that the security for the original mortgage obligation had been lost through destruction of the mortgaged property and that summary foreclosure proceedings instituted by Sosa were null and void because directed against a non-existent security, decreeing at the same time the priority of the mortgage to Delfín Ramírez, directing the cancellation in the registry of the Sosa mortgage and ordering the record of the Delfín Ramírez mortgage.

The defendant Sosa appealed from this judgment, but without notice to the defendant Severiano Ramírez, and plaintiff-appellee moved to dismiss for want of such notice. At the hearing on this motion in July, 1917, ruling was reserved pending submission of the case on its merits. The transcript and statement of the case were filed in October, 1917. On January 22, 1918, the case was argued and the motion to dismiss was further urged upon the attention of this court.

A careful examination of the whole record, including the testimony of defendant Severiano Ramírez, shows that his real interest in the litigation is adverse to that of appellant and that he would be directly affected by the result of the appeal unless the judgment of the district court should be affirmed.

A reversal of that judgment would not only subject the property in question to the foreclosure of a lien adjudged by the district court to have been extinguished, but, unless we are to reject the uncontradicted testimony of Severiano Ramírez as to the sale of the house at auction prior to the date

of the trial in the instant case, would operate a transfer of title under the proceedings pronounced null and void by the court below.

The appeal must be dismissed for want of jurisdiction to consider the same on its merits.

*Dismissed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Aldrey took no part in the decision of this case.